## UNITED STATES v. MINOR and another.

*(Circuit Court, N. D. California. November 23, 1886.)*

1. PUBLIC LANDS—ACQUISITION BY PATENT—BONA FIDE PURCHASER.

   A purchaser in good faith for a valuable consideration from a patentee of United States lands, without notice of adverse claims, is entitled to rely on the record; and the patent, if valid on its face, will not be vacated, as to him, for matters *dehors* the record.

2. VENDOR AND VENDEE—BONA FIDE PURCHASERS—NOTICE BY POSSESSION.

   A pre-emption claimant to an 80-acre tract, which he has included in his filing, but which he has never lived on, inclosed, or cultivated, and which is covered with a forest, though he has lived on, inclosed, and cultivated a portion of the lands he has filed on, over a quarter of a mile away from the land in question, has not had such possession as constitutes constructive notice to a *bona fide* purchaser.

In Equity. Suit to vacate patent to land on ground of fraud.

*S. G. Hilborn,* U. S. Atty., and *J. D. Chamberlain,* for plaintiff.

*Hiram Smith,* for defendant, Croghan.

Before SAWYER, J.

SAWYER, J. This is a bill in equity to vacate a patent issued to defendant Minor to 80 acres of land, being the W. ½ of the N. W. ¼ of a certain section, on the ground that it had been fraudulently procured. Minor, having no interest in the land, made default, and the decision must turn on the rights of defendant Croghan upon the case as disclosed by the bill, answer, and stipulated facts.

The material facts, as appear by stipulation, and by the uncontradicted answer responsive to the bill, are as follows: Minor filed his declaratory statement for the land in question, as a pre-emptioner, October 23, 1874. He made his proofs as a pre-emptioner, and paid for the land in full, June 23, 1875. He made his proofs without notice to or knowledge of Spence, by and through the mistake and inadvertence of the land department in not noting a contest between Spence and Minor. A patent regular in form was issued to Minor, January 5, 1876. He had a house on the land, but had not made it his home, or inhabited the land, as required by law, when he made such proofs, and procured his patent. Being indebted to defendant, Croghan, in the sum of $1,280, then due, on May 1, 1876, having, at the time, the patent in his possession, in consideration of said indebtedness, and the further consideration of an extension for six months' time in which to pay said indebtedness, on interest at 1¼ per cent. per month, Minor gave his note for the amount to Croghan, payable in six months, and, to secure payment, executed a mortgage on said land. Croghan, at the time of extending the time of payment and taking said mortgage, had in fact no notice of the fraudulent manner in which said patent had been obtained, but supposed it to have been in all respects honestly and properly issued, and no notice of any

claim made by Spence to said land, and no knowledge or notice in fact of any facts that should put him upon inquiry. But he, in good faith, supposing Minor's title to be good, took said mortgage in consideration of said indebtedness, fully and justly due, and of the further consideration of an extension of the time of payment of said indebtedness. He was a mortgagee in good faith, and for a valuable consideration, without notice of any defect in the title, or of any counter-equities. At the time he took the mortgage he lived 12 miles from the land, and did not know Spence, and did not know where he lived. At the time Minor filed his declaratory statement; at 'the time he made his final proofs, and paid for the land in question; at the time of the issue of the patent to him; and at the time of the execution of said mortgage to defendant Croghan,—Minor had no knowledge whatever of any claim by Spence to said land. He had never known or heard of any claim by Spence until after the execution of said mortgage to Croghan.

One Spence having, in 1872, settled upon the south 40 acres of the W. $\frac{1}{2}$ of the S. W. $\frac{1}{4}$ of the same section, with an intent to pre-empt that 80, and the 80 in question, adjoining on the north, on *December 3, 1874*, after the filing of Minor's statement, filed a declaratory statement covering the W. $\frac{1}{2}$ of the S. W. $\frac{1}{4}$, and the W. $\frac{1}{2}$ of the N. W. $\frac{1}{4}$, of the section; the latter being the land in question covered by Minor's claim, constituting the two 80's, standing end to end to each other. Spence built a house upon the south half of the south 80, a quarter of a mile or more from the land in question. He made sundry improvements on, and cultivated and fenced a portion of, the south part of the south 80, but he never made any improvements of any kind or lived on the north 80 in question, and there was nothing on the land in question, at the date of said mortgage, or at any time, to indicate that it was claimed by anybody, except the house owned by the patentee, Minor. The land was unoccupied, and not inclosed. The land on both tracts, and the surrounding country, was all heavily timbered with redwood. In January, *1878*, long after the patent to Minor and mortgage to Croghan, Spence, in the land-office, changed his pre-emption claim to a homestead claim; and in April, 1880, made his proofs on said homestead claim to both tracts, paid the required charges thereon, and sought a patent for the land.

In the mean time Croghan had foreclosed his mortgage, and purchased in the mortgaged premises, being the 80 in question, at the sale under the decree, and in due time received the sheriff's deed. He now holds the legal title, under the patent to Minor, in pursuance of the transactions set out.

In my judgment, his title is valid against all the world. The title was probably voidable for the fraud of Minor, and mistake in the land-office, in the hands of Minor, but it was not void upon the face of the record. The patent, which is the final record of the title, (*Beard* v. *Federy*, 3 Wall. 491, 492,) was regular and valid on its

face. The proper department of the government had examined the case on the evidence presented, adjudged the right to be in Minor, and issued the patent accordingly in due form. The patent could only be assailed by matter *resting in parol dehors* the record. Innocent parties were entitled to rely upon the record. Croghan, relying upon the record, without any notice of any claim whatever on the part of Spence or of the United States, for a good and valuable consideration, and with the utmost good faith, took the mortgage; thereby securing a valid lien upon the premises in question, that was ultimately perfected into a legal title, which he now holds. Being a *bona fide* purchaser for value, without notice of any counter-equities or claims, there appearing no flaw upon the record, his title is impregnable. His equities are, at least, equal to those of Spence, and superior to those of the United States, the complainants herein, through whose negligence the patent was issued, by means of which Croghan innocently got into his present position; and, having the legal title, it must prevail. The position of the party having the legal title, with equal or superior equities, is best.

There must be a decree dismissing the bill, with costs; and it is so ordered.